Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered December 5, 2012, which denied the petition seeking, among other things, to annul a determination of respondent Port Authority of New York and New Jersey, dated February 8, 2012, which denied petitioner’s application to participate in respondent’s vested benefits program following his resignation, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent’s determination that petitioner was not entitled to participate in the vested benefits program was not arbitrary and capricious or affected by an error of law. Its denial is based on a long standing policy that an employee who resigns while disciplinary charges are pending is not in good standing and is therefore not entitled to such benefits. Pursuant to this policy, such charges are deemed to be pending if the employee has been informed that they are being prepared. Here, respondent informed petitioner, prior to February 10, 2012, the effective date of his resignation as stated in the notice of resignation submitted by petitioner, that disciplinary action was being taken against him based on his failure to obtain the requisite permission to engage in outside employment. Respondent reasonably complied with its own regulations when it determined that the lack of good standing disqualified petitioner from eligibility to *434 participate in the vested benefits program (see Matter of Hanchard v Facilities Dev. Corp., 85 NY2d 638, 641-642 [1995]; O’Neill v New York Univ., 97 AD3d 199, 213 [1st Dept 2012]).
We have considered petitioner’s additional arguments and find them unavailing. Concur — Gonzalez, P.J., Sweeny, Richter
and Clark, JJ.